IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINDA LOU FISHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-08-927-R |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court are the Report and Recommendation of United States Magistrate Judge Bana Roberts entered May 20, 2009 [Doc. No. 15] and Plaintiff's Objection to the Report and Recommendation filed June 9, 2009 [Doc. No. 16]. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Plaintiff's objections.

Plaintiff asserts that the Magistrate Judge erred in finding that the ALJ had fulfilled his duty to discuss and analyze the medical record as it relates to the side effects of medications Plaintiff takes and in his assessment of the credibility of Plaintiff's testimony concerning the limiting effects of medication side effects. Plaintiff complains that the Magistrate Judge gave a great deal of deference to the ALJ, which was not warranted and that "the Magistrate's [f]indings are not in concert with the Tenth Circuit case law." Objection at p. 2. Plaintiff contends that medication side effects as to which she testified support her claim for disability and argues that this case should be remanded pursuant to

sentence 4 "for further review to include a more thorough evaluation of [her] credibility." *Id.* at p. 3.

The Magistrate Judge did not err in finding that the ALJ had adequately discussed and properly analyzed the medical evidence. It certainly was unnecessary for the ALJ to discuss Plaintiff's many visits to emergency rooms dating back to 1995 for matters such as an abscessed tooth, urinary infections, sinusitis, a cough and/or flu symptoms, skin rashes and folliculitis which are disclosed by the medical records. The only specific objection Plaintiff makes in this regard in her Objection is that the Magistrate Judge erred in finding that the ALJ's discussion and analysis that medical evidence of record concerning the side effects of Plaintiff's medications was adequate and legally sound. The ALJ specifically noted that "[a]lthough the claimant alleged side effects from medication, significant adverse side effects have not been established in the medical reports of record." AR 29. The ALJ also specifically pointed out that Plaintiff had testified that she was unable to work because of, *inter alia*, drowsiness resulting from pain medications." AR 18. The Court has reviewed all of the medical evidence included in the Administrative Record. The medical records contain not a single mention of any complaints of drowsiness by Plaintiff as a result of pain medications prescribed even though the medical records reflect that Plaintiff was prescribed Lortabs many times, even as a cough suppressant, Ultram, Toradol and Darvocet. Indeed the only mention of the effects of the medications Plaintiff had taken that appears in the medical records, other than an allergy to Bactrim, is a statement in an OU Medical Center report dated December 25, 2006 by Larry Lovelace, D.O., that Plaintiff had "had multiple rounds

of Lortab" but that Plaintiff stated that Lortab "no longer works for her." AR 599. That record indicated that Plaintiff was then taking Naprosyn for her chronic back pain. *Id.* That physician prescribed Mepergan Forte for Plaintiff, warning that it may cause drowsiness. AR 600. However, a few months later, in April of 2007, Plaintiff received a prescription for Lortab 7.5 at the St. Anthony Hospital Emergency Room. AR 616-18. ALJ properly summarized the medical records as establishing no significant side effects from medication.

The Plaintiff testified that she would "get dopey and drowsy" with unspecified pain medication, AR 624, but she also testified "[i]t wasn't helping." *Id.* Plaintiff testified that she was on Percocet and Lortab after the back surgery on May 15, 2007, but that they didn't help with the pain. AR 627. She testified her physician had given her a new prescription for a different pain medication the day before the hearing and that it was making her drowsy. AR 628. The ALJ obviously credited Plaintiff's testimony that she had drowsiness resulting from pain medications, *see* AR at 18, 19-20 (evaluation of credibility of statements about intensity, persistence, or functionally limiting effects of . . . other symptoms must be made when such statements are not substantiated by objective medical evidence) & 20, but the ALJ, who personally observed Plaintiff during her testimony, found that her statements concerning the intensity, persistence and limiting effects of her other symptoms [which include side-effects from medication] were not entirely credible, AR 20, and that her symptoms [including drowsiness] were not such as would preclude work, in light of, *inter alia*, her daily activities. The ALJ did not err in assessing the credibility of Plaintiff's statements concerning medication side effects, as the Magistrate Judge correctly found.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge [Doc. No. 15] is ADOPTED in its entirety and the decision of the Commissioner denying Plaintiff's application for supplemental security income benefits is AFFIRMED.

IT IS SO ORDERED this 11th day of June, 2009.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE